**Dismiss and Opinion Filed June 3, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-01115-CV

## IN RE SONIA DIAZ AND QBE AMERICAS, INC., Relators

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-14300**

## MEMORANDUM OPINION
Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Myers

Before the Court is relators Sonia Diaz and QBE Insurance Corporation's petition for writ of mandamus. In the petition, relators challenge the trial court's failure to hold a hearing on their Texas Citizens Participation Act ("TCPA") motion to dismiss before the statutory deadline to do so expired.

Entitlement to mandamus relief requires relators to show that the trial court clearly abused its discretion and that they lack an adequate appellate remedy. *In re Copart, Inc.*, 619 S.W.3d 710, 713 (Tex. 2021) (orig. proceeding) (citing *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)).

However, a claim for mandamus relief is moot when the Court can no longer affect the parties' rights or interests. *See Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012).

After reviewing relators' petition and the mandamus record, we conclude that the statutory deadline by which the trial court must hold the TCPA hearing had expired prior to relators filing their petition and the trial court may no longer hold the hearing. *See In re Tabletop Media, LLC*, No. 05-20-00454-CV, 2020 WL 2847272, at *2 (Tex. App.—Dallas June 2, 2020, orig. proceeding) (mem. op.) (trial court not authorized to act outside the deadlines set out in the TCPA). Accordingly, we dismiss relators' petition for writ of mandamus as moot. *See* TEX. R. APP. P. 52.8(a).

/Lana Myers//

211115f.p05

LANA MYERS
JUSTICE